**In re SHARON STEEL CORPORATION, et al., Debtor.**

**CITY OF FARRELL, Movant,**

v.

**SHARON STEEL CORPORATION, Respondent.**

Bankruptcy Nos. 92–10958, 92–10959 and 92–10961. Motion No. PRB–1.

United States Bankruptcy Court, W.D. Pennsylvania.

April 9, 1993.

See also 152 B.R. 447.

Herbert P. Minkel, New York City, for debtor.

P. Raymond Bartholomew, Sharon, PA, for City of Farrell.

## *OPINION*

WARREN W. BENTZ, Bankruptcy Judge.

### *Factual Background*

Presently before the Court is the City of Farrell's MOTION TO LIFT AUTOMATIC STAY AND COMPEL TURNOVER OF TRUST FUND TAXES ("Motion"). Sharon Steel Corporation Et Al, ("Debtor") is required by statute to withhold local earned income tax from its employees and remit the withheld taxes to the City of Farrell on a quarterly basis.

For the fourth quarter of 1992, the Debtor withheld $56,831.99 in local earned income taxes from its employees. Of the amount withheld, the Debtor paid $7,944.97 to the City of Farrell representing the amount which it withheld postpetition (subsequent to November 30, 1992, the date on which the Debtor filed its voluntary Chapter 11 Petitions). The City of Farrell now seeks the immediate payment of $48,-887.02, the balance due from the prepetition portion of the fourth quarter.

Relying on *Begier v. Internal Revenue Service,* 496 U.S. 53, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990), the City of Farrell asserts that money withheld from employees' wages for income taxes is held "in trust" regardless of whether the money is segregated or whether it is commingled with other funds. The City of Farrell further asserts that a trust fund does not become part of the bankruptcy estate and hence, upon the employer's bankruptcy filing, the taxing authority is entitled to turnover of all such trust fund taxes.

### *Discussion*

In *Begier,* the Chapter 7 Trustee brought a preference action to recover federal taxes paid by the Debtor prepetition to the Internal Revenue Service ("IRS") from an unsegregated account. The Supreme Court held that the debtor's prepetition payments of trust fund taxes to the IRS from unsegregated accounts were not transfers of property of the debtor, but were transfers of funds held in trust and, accordingly, allowed the IRS to retain the payments. *Begier,* 496 U.S. 53, 110 S.Ct. 2258.

The holding in *Begier,* however, was dependent upon several factors which are missing from the instant matter. First, there was a federal statute, 26 U.S.C. § 7501(a) of the Internal Revenue Code, which expressly states that IRS taxes withheld are held in trust. *Id.* at 60, 110 S.Ct. at 2263–64. More importantly, however, the Supreme Court concludes that there must be some nexus between the trust and the assets sought to be applied to the debtor's trust fund tax obligations. *Id.* at 65–66, 110 S.Ct. at 2266–67. In *Begier,* the debtor's prepetition act of voluntarily paying its trust fund obligation was alone found sufficient to establish the required nexus between the amount held in trust and the funds paid. *Id.* at 66–67, 110 S.Ct. at 2266–67.

In the instant matter, there is no allegation that there exists a segregated trust fund and the amount in question has not been paid. The City of Farrell cannot es-

tablish the required nexus with regard to the commingled funds in the Debtor's possession. *See, In re Kulzer Roofing, Inc.,* 139 B.R. 132 (Bankr.E.D.Pa.1992); *In re Russman's, Inc.,* 125 B.R. 520 (Bankr. E.D.Tenn.1991). Accordingly, any funds which the Debtor holds are property of the estate. A movant seeking relief from the automatic stay to proceed against property of the estate must show cause why such relief is warranted. 11 U.S.C. § 362(d). The City of Farrell offers no justification for the relief requested. The City of Farrell's Motion will be refused.